# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| KATLYN WAINWRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 1:21-cv-2366 |
| | ) |
| TRILOGY HEALTH SERVICES, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. Plaintiff, Katlyn Wainwright ("Wainwright" or "Plaintiff"), by counsel, brings this action against Defendant, Trilogy Health Services, LLC ("Defendant"), alleging violations of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §12101 *et. seq* and the Family Medical Leave Act of 1993, ("FMLA"), as amended, 29 U.S.C §2601 *et. seq*.

### II. PARTIES

2. Wainwright is a resident of Hancock County in the State of Indiana, who at all times relevant to this action resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant is a foreign company that systematically conducts business within the geographical boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 29 U.S.C. §2617(4); and 42 U.S.C. §12117.

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5)(A).

6. Wainwright is an "employee" as that term is defined by 42 U.S.C. §12111(4).

7. Wainwright, at all relevant times, was and "eligible employee" as that term is defined by 29 U.S.C. § 26111(2).

8. Wainwright is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §§12102(2) and 12111(8) and/or Defendant knew of Wainwright's disability and/or regarded Wainwright as being disabled and/or Wainwright had a record of being disabled.

9. Wainwright satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging disability discrimination. Wainwright received the required Notice of Suit Rights and timely files this action.

10. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

11. Wainwright is a Registered Nurse who worked for the Defendant as a Weekend Supervisor at its Springhurst location. At all relevant times, Wainwright met or exceeded Defendant's reasonable performance expectations.

12. On or about December 10, 2020, Wainwright began feeling unwell and informed Meagan Zane, Director of Nursing, of her symptoms.

13. On or about December 12, 2020, Wainwright tested positive for COVID-19 and was placed on a 10-day quarantine. Wainwright's leave of absence qualified for protection under the FMLA.

14. Wainwright continued to be unwell and symptomatic after the quarantine period was supposed to be completed. However, she was scheduled to return to work on December 25, 2020.

15. Wainwright contacted Defendant several times in the week leading up to her return to work to advise them that she was still symptomatic and could not safely return to work. Rather than extend Wainwright's leave or inform her of her rights under the FMLA, Defendant simply did not respond and kept Wainwright on the schedule.

16. Having received no response, Wainwright returned to work on December 25, 2020. When she arrived, she was chastised for showing up at 7 am as opposed to 8 am. Wainwright informed Zane and the facility's Executive Director, Tammy Nelson, that she was still symptomatic and unwell and did not think she could finish her shift. Both Zane and Nelson disregarded her concerns.

17. On December 26, 2020, Wainwright inquired as to whether she should call in sick the next day if she remained symptomatic. Zane stated that Wainwright could just turn in her badge and keys if she was not coming into work the next day.

18. Despite being symptomatic from COVID-19, Wainwright was required to work and did work 12+ hour shifts on December 25, 26, and 27.

19. On December 30, 2020, Wainwright's physician placed her back on medical leave

through January 8, 2021, due to her continuing COVID-19 symptoms. On January 6, 2021, her physician wanted to extend her medical leave through January 14, 2021, due to persisting symptoms.

20. Instead of extending Wainwright's medical leave, Defendant terminated her employment January 8, 2021, purportedly due to her requests not to work December 25-27 because of her COVID-19 symptoms.

## V. CAUSES OF ACTION

### COUNT I: DISABILITY DISCRIMINATION

21. Wainwright hereby incorporates by reference paragraphs one (1) through twenty (20) as if the same were set forth at length herein.

22. Defendant violated Wainwright's rights as protected by the Americans with Disabilities Act, 42 U.S.C. 12101, *et. seq.* by terminating Wainwright based on her actual or perceived disability.

23. Defendant's actions were intentional, willful and in reckless disregard of Wainwright's rights as protected by the ADA.

24. Wainwright has suffered and continues to suffer damages because of Defendant's actions.

### COUNT II: RETALIATION

25. Wainwright hereby incorporates by reference paragraphs one (1) through twenty-four (24) as if the same were set forth at length herein.

26. Wainwright engaged in protected activity when she requested to be taken off the schedule due to her persisting COVID-19 symptoms.

27. Wainwright was retaliated against for engaging in protected activity.

28. Defendant's actions were intentional, willful and in reckless disregard of Wainwright's legal rights.

29. Wainwright has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## COUNT III: FMLA RETALIATION

30. Wainwright hereby incorporates paragraphs one (1) through twenty-nine (29) of her Complaint as if the same were set forth at length herein.

31. Defendant retaliated against Wainwright for exercising her rights under the FMLA.

32. Defendant's actions were intentional, willful, and in reckless disregard for Wainwright's rights as protected by the FMLA.

33. Wainwright has been damaged and continues to be damaged by Defendant's actions.

## COUNT IV – FMLA - INTERFERENCE

34. Wainwright hereby incorporates paragraphs one (1) through thirty-three (33) of her Complaint.

35. Defendant unlawfully interfered with the exercise of Wainwright's rights under the FMLA.

36. Defendant's actions were intentional, willful, and in reckless disregard of Wainwright's rights as protected by the FMLA.

37. Wainwright suffered damages as a result of Defendant's unlawful actions.

## VI.  **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Katlyn Wainwright, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

2. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

3. Compensatory damages for Defendant's violations of the ADA;

4. Punitive damages for Defendant's violation of the ADA;

5. Liquidated damages for Defendant's violation of the FMLA;

6. Costs and attorney's fees incurred as a result of bringing this action;

7. Pre- and post-judgement interest on all sums recoverable; and

8. All other legal and/or equitable relief this Court sees fit to grant.

                Respectfully submitted,

                <u>s/Andrew Dutkanych III</u>
                Andrew Dutkanych III
                BIESECKER DUTKANYCH & MACER, LLC
                144 North Delaware Street
                Indianapolis, Indiana 46204
                Telephone: (317) 991-4765
                Facsimile: (812) 424-1005
                Email: ad@bdlegal.com
                *Counsel for Plaintiff, Katlyn Wainwright*

## DEMAND FOR JURY TRIAL

      Plaintiff, Katlyn Wainwright, by counsel, requests a trial by jury on all issues deemed so triable.

      Respectfully submitted,

      s/Andrew Dutkanych III
      Andrew Dutkanych III
      BIESECKER DUTKANYCH & MACER, LLC
      144 North Delaware Street
      Indianapolis, Indiana 46204
      Telephone: (317) 991-4765
      Facsimile: (812) 424-1005
      Email: ad@bdlegal.com
      *Counsel for Plaintiff, Katlyn Wainwright*